IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DODGE DATA & ANALYTICS, LLC, | : | Case No. 1:15-cv-00698 |
| Plaintiff, | : | |
| | : | Honorable Judge Timothy S. Black |
| vs. | : | |
| | : | Magistrate Judge Stephanie K. Bowman |
| iSqFt INC.; CONSTRUCTION MARKET DATA GROUP, LLC; CONSTRUCTION DATA CORPORATION, LLC; and BIDCLERK, INC., | : | RULE 26(f) REPORT OF PARTIES |
| Defendants. | : | |

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on <u>May 23, 2016</u> and was attended by:

    [X], counsel for plaintiff:  Russell S. Sayre, Aaron M. Herzig, Paul Grossman and Jonathan D. Daugherty

    [X], counsel for defendants:  Mark Bissinger, Thomas Connor, Charles Elder, William Briggs and Derek Flores

2. The parties:

    _____ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

    <u>X</u>   will exchange such disclosures by June 13, 2016

    _____ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

    _____ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    <u>X</u>   do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

    _____ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), <u>for trial purposes only,</u> in the

event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings:

July 28, 2016

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties:

September 30, 2016, except for good cause shown

6. Recommended discovery plan:

   a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions and (3) prepare for trial:

   **Plaintiff's Position**
   Plaintiff anticipates taking discovery relating to the parties' claims, defenses, and damages, including the following subjects:

   - Defendants' respective operations, management, and corporate structure.

   - The timing and form of defendants' alleged mergers, and defendants' attempts to acquire other market participants.

   - The scope of the relevant geographic and product market, including the products offered; the scope, content, and price-point of those products; the identity of any other competitors and products that may compete in the relevant market (including third-party discovery); barriers to entry to the relevant market; the creation and distribution of products in the relevant market; the market share of the competitors in the relevant market; the probability of recoupment; and differences between the products in the relevant market and products outside that market.

   - Defendants' marketing and sales strategy for products in the relevant market (including pricing and pricing strategies), and the identity of defendants' customers.

   - Defendants' financial information, including sales revenue within and without the relevant market, as well as defendants' costs for products within and without the relevant market.

   - Defendants' acquisition, retention, and use of the Stolen Customer Information (as defined in the complaint).

2

- Defendants' use of restrictive covenants, and its threats to competitors concerning those covenants.

- Discovery relating to plaintiff's trademark infringement contentions, including discovery from customers and potential customers relating to actual and potential confusion, as well as discovery relating to defendants' marketing of the infringing products and defendants' decision to use the infringing marks.

**Defendants' Position**
Defendants anticipate discovery relating to any allegations in Plaintiff's Complaint and opposition brief to Defendants' Motion to Dismiss, as well as the scope and nature of Plaintiff's alleged damages. More specifically, Defendants anticipate taking discovery regarding the alleged anticompetitive conduct, similar conduct undertaken by the Plaintiff, the market position of the parties, the financial health of Plaintiff, and business forecasts relating to same, and the amount of any alleged damages. Defendants also anticipate seeking discovery on Plaintiff's use of, claimed rights to, and alleged damages relating to Plaintiff's alleged trademarks. Defendants further anticipate seeking discovery on Plaintiff's business relationships and claims of interference with same.

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

**The Parties' Agreement**
Parties will make available their employees for deposition upon a deposition notice without the need for serving a subpoena on said employee. Whenever one party seeks to depose an opposing party, the party seeking the deposition will request available dates and times from the opposing party before serving a deposition notice. A notice may be issued if available, reasonable dates and times are not provided within a reasonable time after the request.

The parties shall coordinate non-party depositions to avoid non-parties being asked to give more than one deposition in this case. The parties also agree that expert depositions shall not count toward the deposition limit and that each side will have 7 hours to depose each expert for each report submitted by such expert (that is, if a party submits two expert reports from one expert, then the other party shall have up to 7 hours to depose such expert with respect to each such report). Opening and rebuttal reports from the same expert do not count as two reports.

The parties further agree that each party is not limited to a single 30(b)(6) deposition, but that 30(b)(6) depositions will count toward the deposition

limitation, with each 7 hours (or portion thereof) of testimony resulting from the 30(b)(6) depositions noticed by a side counting as one deposition toward the deposition limit. The parties shall identify the corporate representative(s) being offered to testify on their behalf pursuant to Rule 30(b)(6) and the topics on which each such witness is being offered to testify at least 5 business days in advance of the deposition date, so long as counsel for the party to be deposed received the 30(b)(6) Notice of Deposition listing the topics of the deposition at least 15 business days prior to the scheduled date of the deposition.

The parties shall serve courtesy copies of all discovery requests (i.e., interrogatories, requests for production of documents and things, and requests for admission) in Microsoft Word format.

The Parties intend to submit a joint motion for an Electronically Stored Information (ESI) discovery protocol.

Because discoverable information may include trade secret information, the Parties intend to submit a joint motion for a Protective Order allowing either Party to designate appropriate documents "Confidential" or "Confidential—Attorneys' Eyes Only" to protect information that is within the scope of Fed. R. of Civ. P. 26(c).

**Plaintiff's Position with Respect to the Deposition Limitation**
Other than the following, Plaintiff recommends no special changes to the limits in the Federal Rules:

Parties are limited to 30 depositions per side (30 taken by Plaintiff, 30 taken by Defendants), unless good cause is shown for additional depositions.

**Defendants' Position with Respect to the Deposition Limitation**
Other than the following, Defendants recommend no special changes to the limits in the Federal Rules:

Parties are limited to 15 depositions per side (15 taken by Plaintiff, 15 taken by Defendants), unless good cause is shown for additional depositions.

c. Additional recommended limitations on discovery:

None.

d. Recommended date for disclosure of lay witnesses: April 3, 2017

e. Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

        The parties anticipate potential expert testimony with respect to alleged damages, alleged anticompetitive conduct, market analysis, and pricing dynamics. The parties also anticipate introducing survey evidence with respect to Plaintiff's trademark infringement claims.

    f.    Recommended date for making primary expert designations:

        August 31, 2017

    g.    Recommended date for making rebuttal expert designations:

        October 31, 2017

    h.    The parties have electronically stored information in the following formats:

        The parties have both email and non-email electronically stored information.

        The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

        See above recommended discovery plan.

    i.    The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

        None.

        Have the parties agreed on a procedure to assert such claims AFTER production?

            _____ No

            _____ Yes

            X_____ Yes, and the parties ask that the Court include their agreement in an order.

    j.    Recommended discovery cut-off date:

        Fact discovery: June 30, 2017
        Expert discovery: November 30, 2017

7.    Recommended dispositive motion date: January 5, 2018

8.    Recommended date for status conference (if any): None contemplated at this time.

9. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

   The parties are willing to consider mediation at any time, but Plaintiff believes substantial discovery is likely needed for mediation to have a reasonable prospect for success.

10. Recommended date for a final pretrial conference:

    February 5, 2018

11. Has a settlement demand been made? <u>No</u>  A response?

    Date by which a settlement demand can be made: _____

    Date by which a response can be made: _____

12. Other matters pertinent to scheduling or management of this litigation:

Dated:  June 7, 2016

Respectfully submitted,

| | |
|---|---|
| */s/ Russell S. Sayre* | */s/ Mark C. Bissinger* |
| Russell S. Sayre (0047125) | Mark C. Bissinger (0012738) |
| Aaron M. Herzig (0079371) | Mark A. VanderLaan (0013297) |
| TAFT STETTINIUS & HOLLISTER LLP | Thomas M. Connor (0082462) |
| 425 Walnut Street, Suite 1800 | DINSMORE & SHOHL |
| Cincinnati, Ohio 45202-3957 | 255 E. 5th Street, Suite 1900 |
| Telephone: (513)381-2838 | Cincinnati, Ohio 45202 |
| Email: sayre@taftlaw.com | Telephone: (513) 977-8200 |
| aherzig@taftlaw.com | Fax: (513) 977-8141 |
| | Email: mark.bissinger@dinsmore.com |
| | mark.vanderlaan@dinsmore.com |
| Stuart I. Friedman (admitted pro hac vice) | thomas.connor@dinsmore.com |
| Paul S. Grossman (admitted pro hac vice) | |
| Jonathan D. Daugherty (admitted pro hac vice) | Charles E. Elder (admitted pro hac vice) |
| FRIEDMAN & WITTENSTEIN | IRELL & MANELLA LLP |
| 600 Lexington Avenue | 1800 Ave. of the Stars |
| New York, New York 1002 | Los Angeles CA, 90067 |
| Telephone: (212) 750-8700 | Telephone: (310) 277-1010 |
| Email: sfriedman@friedmanwittenstein.com | Email:celder@irell.com |
| pgrossman@friedmanwittenstein.com | |
| jdaugherty@friedmanwittenstein.com | **Counsel for Defendants** |
| | **iSqFt, Inc., Construction Market Data** |
| **Counsel for Plaintiff** | **Group, LLC, Construction Data** |
| **Dodge Data & Analytics, LLC** | **Corporation, LLC, and BidClerk, Inc.** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 7th, 2016, the foregoing:

## RULE 26(f) REPORT OF PARTIES

was filed electronically with the Clerk of the Court for the Southern District of Ohio using the Court's Electronic Case Filing System, which will send notification to the registered participants of the ECF System.

I certified that all parties in this case are represented by counsel who are CM/ECF participants.

By: */s/ Russell S. Sayre*