UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DODGE DATA & ANALYTICS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>iSqFt INC.; CONSTRUCTION MARKET DATA GROUP, LLC; CONSTRUCTION DATA CORPORATION, LLC; and BIDCLERK, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:15-cv-00698<br><br>Judge Timothy S. Black<br><br>Magistrate Judge Stephanie K. Bowman |

## STIPULATED PROTECTIVE ORDER

The Court recognizes that disclosure and discovery activity are likely to arise that will require the disclosure of trade secrets, confidential research, development, manufacturing, financial, process, marketing, and business information, or other commercial information within the meaning of Federal Rule of Civil Procedure 26(c). Good cause exists to protect this information from public disclosure. In the absence of a suitable protective order safeguarding the confidentiality of such information, the parties would be hampered in their ability to produce such information. Accordingly, the parties to this action stipulate and the Court **ORDERS** that the parties shall adhere to the following:

### 1. DESIGNATION OF PROTECTED MATERIAL

1.1 This Order shall govern all documents (including all "documents" as defined in Fed. R. Civ. P. 34(a)) and other products of discovery obtained by the parties from one another, and from third parties, all information copied or derived therefrom, as well as all copies, excerpts, summaries or compilations thereof, including documents produced pursuant to requests

authorized by the Federal Rules of Civil Procedure, answers to interrogatories, deposition transcripts, responses to requests for admission, affidavits, declarations, expert reports, and other such material and information as may be produced during the course of this litigation.

   1.2 In connection with discovery proceedings in this action, any party or third party may designate any non-public document, material, or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY" (collectively referred to as "Protected Material").

   (a) A party may designate as "CONFIDENTIAL" any information, document, or thing that the party reasonably and in good faith believes to (i) contain confidential information within the meaning of Fed. R. Civ. P. 26(c)(1)(G) used by it in, or pertaining to, its business and that is not generally known, and which that party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, or (ii) contain other confidential information entitled to protection under the Federal Rules of Civil Procedure, or any other applicable law, rule or regulation, or (iii) contain information that is the subject of another confidentiality agreement.

   (b) A party may designate as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY" such materials as the party reasonably and in good faith believes to contain particularly sensitive technical or strategic information relating to research for, design of, and supply of current products or services; technical, business, and research information regarding future products or services; non-public and highly sensitive financial information; marketing and sales information, such as marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations; and such other documents, information, or materials that relate to other proprietary information that the designating party reasonably believes is of

such nature and character that disclosure of such information would be harmful to the designating party.

      1.3    The following information shall not be designated or protected under this Protective Order:

      (a)    Information that is properly in the public domain at the time of disclosure, including publicly available publications, catalogs and other advertising materials, press releases, and publicly-filed financial statements, unless such information was not placed in the public domain by the party asserting confidentiality, and is otherwise within the scope of Protected Material as defined herein;

      (b)    Information that the designating party has not undertaken with others to maintain in confidence and that is in the possession of or becomes available to the receiving party other than through discovery in this action, but only if the receiving party can show by written documentation that the information independently came into its rightful possession; or

      (c)    Information that is independently developed by the receiving party, as reflected by written documentation demonstrated to be in existence prior to production by the party claiming confidentiality.

      1.4    Any documents or things produced pursuant to a discovery request or other written materials exchanged by the parties (including discovery responses, letters, and briefs) that a party desires to designate as Protected Material shall be so designated by marking each page of the document, paper or thing CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY, as appropriate, and indicating the identity of the producing party (e.g., through the use of an identifying prefix to the document identification (Bates) number).

      1.5    In the event a party may make available certain of its files for inspection by

another party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY materials. Only those persons identified in paragraph 2.2 below as permitted to view HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY materials may be present at any such inspection. When the producing party copies the documents to furnish to the inspecting party, the producing party shall mark Protected Material with the appropriate confidentiality designation to the extent warranted under paragraph 1.2.

1.6 Whenever a deposition involves a disclosure of Protected Material, the following procedures shall apply:

(a) Any party may designate any portion or all of a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY by notifying the other parties on the record during the deposition. The Court Reporter shall be asked to make the appropriate confidentiality designation on each page of the transcript that contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY information. At that time, all persons not qualified to receive that category of information shall leave the room prior to continuation of the deposition and until the conclusion of such designated testimony; and

(b) Any party may also designate any portion or all of a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY by notifying the other parties separately in writing within thirty days of receipt of the transcript. In

such event, the parties shall confer as to the most convenient way to segregate the designated portions of the transcript. All information disclosed at a deposition and all information contained in deposition transcripts shall be treated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY for a period of thirty days after the receipt of the transcript to permit adequate time for review of the transcript and notice to other counsel regarding any designation as Protected Material by a designating party. In the event that the receiving party reasonably believes that timeframes set forth in this paragraph impact the receiving party's ability to make timely use of deposition transcripts in this litigation, the parties will confer in good faith to resolve the issue. If no mutually agreeable resolution is reached within a reasonable timeframe, a receiving party may seek assistance from the Court.

1.7 A party to this action may prospectively declare that items and information designated as Protected Material in the custody of any other person or entity (including a third party) and to be produced through discovery in this action, is protected under this Order based on a good-faith belief that such material is Protected Material within the meaning of this Order. Counsel for the Receiving Party shall treat such items as designated until such time as the Designating Party has had 30 days from the time of Designating Party's receipt of the material to review and mark the received items and information in accordance with this Order.

1.8 Notwithstanding any language in Article 1 limiting the scope or effectiveness of any provision of this Order to materials produced in discovery in this case, Defendants hereby designate as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY" any copies of the materials attached to the Complaint in the matter of Michael G. Gaynor v. iSqFt Sub, Inc. (fka Blueprint Sub, Inc.), Genstar Capital Partners VI, L.P. and David W. Conway in the Court of Chancery of the State of Delaware, Case Number 12297 that were subsequently placed under seal

by that Court. Nothing contained in this subsection shall preclude Plaintiff from challenging this designation as provided for in Article 3 of this Order.

## 2. ACCESS TO AND USE OF PROTECTED MATERIAL

2.1 Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, shall be used solely in the preparation, prosecution, or trial of this action and not for any other purpose, and shall be disclosed only as provided in the following paragraphs.

2.2 Information which has been designated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY may be disclosed only to:

(a) The outside attorneys of record and their partners, associates, and employees who are engaged in assisting in this action;

(b) Independent consultants or experts retained by the party or its attorneys in connection with this action, including technical experts, damage and industry experts, and jury or trial consultants, together with their employees engaged in assisting in this action (including mock jurors);

(c) The Court and its personnel;

(d) Court reporters and videographers and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

(e) Professional vendors and their employees, including copy services, eDiscovery services, trial graphics services, and translation services, engaged by counsel;

(f) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information; and

(g) Any other person where each and every person or party that designated the

documents or materials as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY consents to such access.

2.3 Information that has been designated as CONFIDENTIAL may be disclosed only to:

(a) The persons identified in paragraph 2.2; and

(b) Any party or employee of a party to whom disclosure is reasonably necessary for this litigation and who has signed the "Agreement to Be Bound by Protective Order" in Exhibit A.

2.4 Prior to receiving any Protected Material, any persons described in sections (b), (d), (e), (f), or (g) of paragraph 2.2 shall be furnished with a copy of this Protective Order and shall execute a copy of the "Agreement to be Bound by Protective Order" attached as Exhibit A. A copy of the signed Agreement shall be maintained by counsel for the party providing such access.

2.5 Nothing in this Protective Order shall prevent any counsel of record from utilizing Protected Material in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto.

(a) Parties and present employees of the parties, or employees of third parties, may be examined as witnesses at depositions and trial and may testify concerning all Protected Material produced or designated by that party, or by the employee's employer if a third party;

(b) Former employees of the parties, or former employees of third parties, may be examined and may testify concerning all Protected Material produced or designated by the party or third party that formerly employed such person and which pertains to the period or periods of his/her employment and prior thereto; and

(c) Experts of the parties may be examined and may testify concerning all Protected

Material produced or designated by the respective party that pertains to the subject matter of his/her consultation.

2.6 Nothing in this Protective Order shall preclude any party from introducing Protected Material into evidence at any evidentiary hearing or at trial. However, if anyone intends to introduce or refer to Protected Material at any hearing or trial, the party wishing to make the disclosure shall first notify the producing party not less than three full business days prior and provide that party with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (e.g., clearing the Courtroom, sealing the record, etc.) unless the party wishing to make the disclosure believes in good faith that three days is not practicable, in which case notice shall be given as soon as it reasonably can be prior to the use of the document. Any disclosure of Protected Material at trial or in any other court proceeding herein shall be made *in camera* unless the Court orders otherwise.

2.7 Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his/her clients with respect to this litigation and referring to or relying generally upon his/her examination of Protected Material, provided that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the content of such information.

2.8 All persons in possession of Protected Material shall exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to ensure that the provisions of this Protective Order are observed and that the confidential nature of the information is maintained.

**3. CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

3.1 Any party believing that particular information has been improperly marked, i.e.,

that it is not in fact CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY, may challenge such designation at any time by raising the issue, in writing to the designating party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged. Within ten business days of receipt of such writing, the designating party shall either remove or reduce the designation, or respond that it has reviewed the matter and continues to maintain the designation in good faith.

3.2  The parties shall endeavor in good faith to resolve any such dispute without calling upon the intervention of the Court. If the designating party maintains its designation and the parties are unable to reach agreement, the challenging party may bring the issue to the Court. The party asserting confidentiality shall have the burden of establishing the appropriateness of the designation, except that a party claiming that information designated by the other as confidential is in the public domain shall have the burden of proving such public knowledge.

3.3  Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court.

**4.    FILING OF PROTECTED MATERIAL**

This Protective Order does not authorize filing protected material under seal. According to the authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Unless the Court orders otherwise, all sealed documents shall be filed in accordance with the local rules of the District Court for the Southern District of Ohio. Any party desiring to file transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs designated CONFIDENTIAL or

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY, and other Protected Material, shall seek the permission of the Court to file the material under seal with the Court and the case caption of any under-seal filing shall contain the notation "Confidential Material – Under Protective Order." The designating party(ies), if different than the filing party, shall then have five days to provide to the Court any additional arguments and facts supporting an under-seal filing.

**5. TERMINATION OF LITIGATION**

5.1 The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties. Within ninety days after termination of this action by judgment, settlement, or otherwise from which no appeal can be brought, each party shall destroy all documents containing or disclosing Protected Material of any other party. Each party's outside litigation counsel shall have the right to retain copies of pleadings, deposition and trial transcripts, any exhibits, discovery responses and memoranda that have been filed with the Court or served on other parties, and of any documents constituting work product, remaining subject to all requirements of this order.

**6. THIRD PARTY DISCOVERY**

In the event that any third party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY by such third party, such third party may elect to have its information treated in accordance with the terms of this Protective Order by so notifying counsel for all parties in writing. Upon service of such notice, such third party may designate documents and information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY in the manner set forth in this Protective Order, and such

third party's designated information shall be protected in the same manner as that of the parties to this action.

**7. INADVERTENT DISCLOSURE**

7.1 If a party inadvertently discloses any document or thing containing information that it deems CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY without designating it pursuant to this Protective Order, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, forwarding a replacement copy of the inadvertently disclosed material properly marked with the appropriate confidentiality designation. The receiving party shall thereafter treat the information as if it had been properly marked from the outset and shall make a reasonable effort to retrieve and destroy the unmarked version of the inadvertently disclosed material. Nothing in this Protective Order shall preclude the receiving party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of paragraph 3.

7.2 The inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information. If a producing party inadvertently produces or otherwise discloses to a receiving party, information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned. The receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed. Nothing in this Protective Order shall preclude

the receiving party returning the inadvertently produced material from seeking an order compelling the production of information previously produced inadvertently.

**8. MISCELLANEOUS PROVISIONS**

8.1 If Protected Material in the possession of any receiving party is subpoenaed by any court, by any administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third Party Request"), the party to whom the Third Party Request is directed will not produce such information without first giving prompt written notice (including a copy of the Third Party Request) to the attorneys of record for the producing party, no more than three business days after receiving the Third Party Request. The party receiving the Third Party Request must also promptly inform in writing the party who caused the Third Party Request to issue in the other litigation that some or all the material covered by the Third Party Request is subject to this Protective Order. The party receiving the Third Party Request must deliver a copy of this Protective Order promptly to the party in the other action that caused the Third Party Request to issue.

8.2 The producing party shall bear the burden and expense of seeking protection in court of its own Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a party receiving a Third Party Request in this action to disobey a lawful directive from another court. Disclosure of information in response to a properly issued Third Party Request shall not constitute a violation of this Protective Order.

8.3 This Protective Order may be modified only by further Order of the Court, whether *sua sponte* or by agreement of the parties or their counsel and approval by the Court, and

is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

      8.4    Treatment by counsel or the parties of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY as designated shall not be construed as an admission by any party that the designated information contains trade secrets or other proprietary or confidential information. Conversely, failure to so designate shall not constitute a waiver of any party's claims, either within or outside this action, that any such documents or information do contain trade secrets or other proprietary or confidential information.

      8.5    No party shall be obligated to challenge the propriety of any designation, and failure to challenge a claim of confidentiality at the time of receipt shall not constitute a waiver of the right to challenge a confidentiality designation at any later time.

      8.6    Notwithstanding any provision contained herein, nothing in this Protective Order shall restrict in any way the right of any Designating Party to make use of its own CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY material in any way it deems fit

      8.7    This Protective Order shall be without prejudice to and does not impair the ability or rights of any Party to seek further limits on disclosure or protections for the confidentiality of any information beyond or in addition to the limits and protections provided herein.

      8.8    This Protective Order may be executed in any number of counterparts and shall constitute one agreement binding upon all parties thereto as if all parties signed the same document. Facsimile or emailed signatures shall be treated as originals for all purposes.

**STIPULATED AND AGREED:**

Dated: July 26, 2016

**TAFT STETTINIUS & HOLLISTER LLP**

By: Russell Sayre / WKB w/ EXPRESS AUTHORIZATION
Russell S. Sayre
Aaron M. Herzig
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Telephone: (513)381-2838
Email: sayre@taftlaw.com
aherzig@taftlaw.com

**DINSMORE & SHOHL**

By: ______________________
Mark C. Bissinger (0012738)
Mark A. VanderLaan (0013297)
Thomas M. Connor (0082462)
255 E. 5th Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Fax: (513) 977-8141
Email: mark.bissinger@dinsmore.com
mark.vanderlaan@dinsmore.com
thomas.connor@dinsmore.com

**FRIEDMAN & WITTENSTEIN**

By: ______________________
Stuart I. Friedman
Paul S. Grossman
Jonathan D. Daugherty
600 Lexington Avenue
New York, New York 1002
Telephone: (212) 750-8700
Email: sfriedman@friedmanwittenstein.com
pgrossman@friedmanwittenstein.com
jdaugherty@friedmanwittenstein.com

**Counsel for Plaintiff**
**Dodge Data & Analytics, LLC**

**IRELL & MANELLA LLP**

By: W/ M/ Briggs
Charles E. Elder
William K. Briggs
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles CA, 90067
Telephone: (310) 277-1010
Email:celder@irell.com

**Counsel for Defendants**
**iSqFt, Inc., Construction Market Data Group, LLC, Construction Data Corporation, LLC, and BidClerk, Inc.**

**IT IS SO ORDERED:**

Timothy S. Black
UNITED STATES DISTRICT JUDGE ~~(or)~~
UNITED STATES MAGISTRATE JUDGE

**STIPULATED AND AGREED:**

Dated: July __, 2016

**TAFT STETTINIUS & HOLLISTER LLP**

By: ____________________________
Russell S. Sayre
Aaron M. Herzig
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Telephone: (513)381-2838
Email: sayre@taftlaw.com
aherzig@taftlaw.com

**DINSMORE & SHOHL**

By: ____________________________
Mark C. Bissinger (0012738)
Mark A. VanderLaan (0013297)
Thomas M. Connor (0082462)
255 E. 5th Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Fax: (513) 977-8141
Email: mark.bissinger@dinsmore.com
mark.vanderlaan@dinsmore.com
thomas.connor@dinsmore.com

**FRIEDMAN & WITTENSTEIN**

By: ____________________________
Stuart I. Friedman
Paul S. Grossman
Jonathan D. Daugherty
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 750-8700
Email: sfriedman@friedmanwittenstein.com
pgrossman@friedmanwittenstein.com
jdaugherty@friedmanwittenstein.com

**Counsel for Plaintiff**
**Dodge Data & Analytics, LLC**

**IRELL & MANELLA LLP**

By: ____________________________
Charles E. Elder
William K. Briggs
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles CA, 90067
Telephone: (310) 277-1010
Email:celder@irell.com

**Counsel for Defendants**
**iSqFt, Inc., Construction Market Data Group, LLC, Construction Data Corporation, LLC, and BidClerk, Inc.**

**IT IS SO ORDERED:**

____________________________
UNITED STATES DISTRICT JUDGE (or)
UNITED STATES MAGISTRATE JUDGE

**STIPULATED AND AGREED:**

Dated: July , 2016

**TAFT STETTINIUS & HOLLISTER LLP**

By: ______________________
Russell S. Sayre
Aaron M. Herzig
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Telephone: (513)381-2838
Email: sayre@taftlaw.com
aherzig@taftlaw.com

**DINSMORE & SHOHL**

7/26/16

By: ______________________
Mark C. Bissinger (0012738)
Mark A. VanderLaan (0013297)
Thomas M. Connor (0082462)
255 E. 5th Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Fax: (513) 977-8141
Email: mark.bissinger@dinsmore.com
mark.vanderlaan@dinsmore.com
thomas.connor@dinsmore.com

**FRIEDMAN & WITTENSTEIN**

By: ______________________
Stuart I. Friedman
Paul S. Grossman
Jonathan D. Daugherty
600 Lexington Avenue
New York, New York 1002
Telephone: (212) 750-8700
Email: sfriedman@friedmanwittenstein.com
pgrossman@friedmanwittenstein.com
jdaugherty@friedmanwittenstein.com

**Counsel for Plaintiff**
**Dodge Data & Analytics, LLC**

**IRELL & MANELLA LLP**

By: ______________________
Charles E. Elder
William K. Briggs
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles CA. 90067
Telephone: (310) 277-1010
Email:celder@irell.com

**Counsel for Defendants**
**iSqFt, Inc., Construction Market Data Group, LLC, Construction Data Corporation, LLC, and BidClerk, Inc.**

**IT IS SO ORDERED:**

______________________
UNITED STATES DISTRICT JUDGE (or)
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DODGE DATA & ANALYTICS, LLC, | ) | Case No. 1:15-cv-00698 |
| Plaintiff, | ) | |
| v. | ) | Judge Timothy S. Black |
| iSqFt INC.; CONSTRUCTION MARKET DATA GROUP, LLC; CONSTRUCTION DATA CORPORATION, LLC; and BIDCLERK, INC., | ) | Magistrate Judge Stephanie K. Bowman |
| | ) | |
| | ) | |
| Defendants. | ) | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ______________________________, hereby acknowledge that I received a copy of the Protective Order in this action. I read and understood the Protective Order and agree to be bound by its provisions. I agree not to copy or use any CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY information that may be provided to me for any purpose other than in connection with my work in connection with this action, and I agree not to reveal any such information to any person not authorized by the Protective Order. I agree to maintain any Protected Material disclosed to me in a secure environment that requires a unique user identifier and password authentication for access, and shall take any other steps as are reasonably necessary to secure the Protected Material from unauthorized access or disclosure. If I store Protected Material on any portable media (including laptops, external hard drives, or removable storage devices of any kind) I agree that it shall be encrypted at all times.

I further acknowledge and understand that a violation of the Protective Order may subject me to penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio in connection with any proceedings concerning enforcement of the Protective Order.

Dated:______________________________ ______________________________
(Signature)