UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DODGE DATA & ANALYTICS, LLC, | ) | Case No. 1:15-cv-00698 |
| Plaintiff, | ) | |
| v. | ) | Judge Timothy S. Black |
| iSqFt INC.; CONSTRUCTION MARKET DATA GROUP, LLC; CONSTRUCTION DATA CORPORATION, LLC; BIDCLERK, INC.; and iSqFt SUB, INC., | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

Defendants iSqFt Inc. ("iSqFt"), Construction Market Data Group, LLC ("CMD"),

Construction Data Corporation, LLC ("CDC"), BidClerk, Inc. ("BidClerk"), and iSqFt Sub, Inc.

(collectively, "Defendants" or the "Company") hereby answer the Second Amended Complaint

of Plaintiff Dodge Data & Analytics, LLC ("Dodge" or "Plaintiff") filed on September 28, 2016.

Except as expressly admitted herein, Defendants deny any and all allegations in the Second

Amended Complaint.  Defendants further answer the numbered paragraphs in the Second

Amended Complaint as follows:

1.      Defendants deny the allegations in Paragraph 1.

2.      Defendants admit that iSqFt Sub acquired iSqFt, CDC, BidClerk, and CMD.

Defendants admit that CMD has competed with Dodge in providing construction data to

businesses in the construction industry.  Except as admitted, Defendants deny the allegations in

Paragraph 2.

3. Defendants admit that the owners of iSqft Sub explored a potential deal involving Dodge. Defendants further admit this deal did not occur. Except as admitted, Defendants deny the allegations in Paragraph 3.

4. Defendants admit that they offered to sell subscriptions to Dodge customers. Defendants are without knowledge or information sufficient to enable them to answer whether they offered "many of those customers prices that were, in some instances, more than 80% below the price offered by Dodge" and, on that basis, deny said allegations. Except as admitted, Defendants deny the allegations in Paragraph 4.

5. Defendants admit on information and belief that the Sweets Catalog is published by Dodge. Defendants are without knowledge or information sufficient to enable them to answer whether the Sweets Catalog "has been the 'go-to' product guide for architects for more than a century" and, on that basis, deny said allegations. Defendants admit that CDC has offered a service called "Invitation to Bid Pro." Defendants admit that Plaintiff attached to the Second Amended Complaint registration certificates for its purported "Sweet's" and "Dodge BidPro" trademarks, the contents of which speak for themselves. Except as admitted, Defendants deny the allegations in Paragraph 5.

6. Defendants admit that certain employees have signed employment agreements containing restrictive covenants prohibiting them from soliciting certain customers and/or employees for a period of time. Defendants further admit that the Company has informed Dodge and other companies that such covenants exist. Except as admitted, Defendants deny the allegations in Paragraph 6.

7.      Paragraph 7 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 7.

8.      Defendants are without knowledge or information sufficient to enable them to answer the allegations in Paragraph 8 and, on that basis, deny the allegations in Paragraph 8.

9.      Defendants admit the allegations in Paragraph 9.

10.      Defendants admit the allegations in Paragraph 10.

11.      Defendants admit the allegations in Paragraph 11.

12.      Defendants admit the allegations in Paragraph 12.

13.      Defendants admit that iSqFt Sub is a corporation organized under the laws of Delaware with its principal place of business in Cincinnati, Ohio.  Defendants deny the remaining allegations in Paragraph 13.

14.      Defendants admit that on or about August 4, 2015, iSqFt and CMD announced a merger agreement.  Defendants further admit that the merger closed and that iSqFt and CMD are under common ownership.  Except as admitted, Defendants deny the allegations in Paragraph 14.

15.      Paragraph 15 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 15.

16.      Paragraph 16 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants admit that the Company is headquartered in Ohio and denies the remaining allegations in Paragraph 16.

17.   Paragraph 17 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate. To the extent a response is necessary, Defendants admit that the Company is headquartered in Ohio and denies the remaining allegations in Paragraph 17.

18.   Paragraph 18 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate. To the extent a response is necessary, Defendants admit that the Company is headquartered in Ohio and denies the remaining allegations in Paragraph 18.

19.   Paragraph 19 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate. To the extent a response is necessary, Defendants admit that the Company is headquartered in Ohio and denies the remaining allegations in Paragraph 19.

20.   Paragraph 20 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate. To the extent a response is necessary, Defendants admit that the Company is headquartered in Ohio and denies the remaining allegations in Paragraph 20.

21.   Paragraph 21 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate. To the extent a response is necessary, Defendants admit that the Company is headquartered in Ohio and deny the remaining allegations in Paragraph 21.

22.   Defendants admit that Dodge provides construction data to certain companies located in the United States and Canada. Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations in Paragraph 22 and, on that basis, deny said allegations.

23.   Defendants are without knowledge or information sufficient to enable them to answer the allegations in Paragraph 23 and, on that basis, deny said allegations.

24.   Defendants are without knowledge or information sufficient to enable them to answer the allegations in Paragraph 24 and, on that basis, deny said allegations.

25. Defendants are without knowledge or information sufficient to enable them to answer the allegations in Paragraph 25 and, on that basis, deny said allegations.

26. Defendants admit that Dodge publishes construction data to its customers. Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations in Paragraph 26 and, on that basis, deny said allegations.

27. Defendants are without knowledge or information sufficient to enable them to answer the allegations in Paragraph 27 and, on that basis, deny said allegations.

28. Defendants admit that Dodge's customers include building product manufacturers ("BPMs"), distributors, general contractors, and subcontractors. Defendants further admit that Dodge offers different subscriptions. Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations in Paragraph 28 and, on that basis, deny said allegations.

29. Defendants are informed and believe that Dodge offers construction data to large contractors, architects, and BPMs. Defendants admit that Defendants understand the term BPM to refer to companies that make products used in the building industry, including glass, flooring, electrical systems, concrete, curtain wall, roofing material, and other products that are used to construct buildings. Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations in Paragraph 29 and, on that basis, deny said allegations.

30. Defendants are without knowledge or information sufficient to enable them to answer the first sentence in Paragraph 30 and, on that basis, deny said allegations. The second sentence of Paragraph 30 is a hypothetical to which no response is necessary or appropriate. To the extent a response is necessary, Defendants deny the allegations in the second sentence of Paragraph 30.

31. Defendants admit, on information and belief, that Dodge may charge certain customers "tens or even hundreds of thousands of dollars annually" for subscriptions, and that those subscriptions may be for a duration of a year or longer. Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations in Paragraph 31 and, on that basis, deny said allegations.

32. Defendants admit that, since approximately 2000, CMD has competed with Dodge in certain respects. Defendants admit that CMD was formerly known as Reed Construction Data and was affiliated with Reed Elsevier. Except as admitted, Defendants deny the allegations in Paragraph 32.

33. Defendants are without knowledge or information sufficient to enable them to answer the allegations in the first sentence of Paragraph 33 and, on that basis, deny said allegations. Defendants admit that CMD has employees or contractors who are responsible for obtaining specifications and plans from architects, project owners, and others in the industry. Defendants admit the allegations as to CMD in the third sentence of Paragraph 33, but Defendants are without knowledge or information sufficient to enable them to admit the "like Dodge" allegations in the sentence, and on that basis deny those allegations. Defendants admit that CMD has personnel working on its behalf who pursue potential sales to BPMs and other entities interested in construction data. With regard to the last sentence in Paragraph 33, Defendants admit that CMD has previously hired former Dodge employees with experience and relationships with BPMs, but deny the remaining allegations. Except as admitted, Defendants deny the allegations in Paragraph 33.

34. Defendants deny that iSqft had a "very small" presence in the nationwide market for construction data. Otherwise, Defendants admit the allegations in Paragraph 34.

35.     Defendants admit that CDC was a provider of regional construction data.  Except as admitted, Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants admit the first sentence of Paragraph 38.  Defendants admit that certain causes of action were dismissed.  Except as admitted, Defendants deny the allegations in Paragraph 38.

39.     Defendants admit that CMD has hired former Dodge employees.  Except as admitted, Defendants deny the allegations in Paragraph 39.

40.     Defendants admit that Dean Paulson and Craig Fuss are former Dodge employees who later worked for CMD.  Defendants deny the remaining allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants admit the first sentence of Paragraph 42.  Defendants further admit that McGraw Hill agreed to the dismissal of the counterclaim and that Dodge's assertion that CMD supposedly misappropriated trade secrets is not in issue in the present litigation.  Except as admitted, Defendants deny the allegations in Paragraph 42.

43.     Defendants admit that in recent years several companies emerged to compete with Dodge.  Except as admitted, Defendants deny the allegations in Paragraph 43.

44.     Defendants admit BidClerk began selling subscriptions to nationwide construction data in or about 2012.  Defendants further admit that Mr. Fuss and Mr. Paulson worked for BidClerk for a period of time.  Except as admitted, Defendants deny the allegations in Paragraph 44.

45. Defendants admit that BidClerk utilized publicly available sources to gather construction data. Defendants further admit that BidClerk offered a less expensive alternative to the subscriptions offered by Dodge and CMD. Except as admitted, Defendants deny the allegations in Paragraph 45.

46. Defendants admit that, in the past, CDC focused mostly on eastern portions of the United States. Except as admitted, Defendants deny the allegations in Paragraph 46.

47. Defendants admit that iSqFt Sub acquired iSqFt and BidClerk in or about October 2014. Defendants further admit that Mr. Paulson and Mr. Fuss worked at BidClerk in or about October 2014. Except as admitted, Defendants deny the allegations in Paragraph 47.

48. Defendants admit that iSqFt and CMD announced a merger in August 2015, and the terms of that announcement speak for themselves. Defendants further admit CMD was a competitor of Dodge with respect to certain construction data services. Except as admitted, Defendants deny the allegations in Paragraph 48.

49. Defendants admit that the owners of iSqFt Sub explored a possible deal involving Dodge. Defendants further admit that no such deal occurred. Except as admitted, Defendants deny the allegations in Paragraph 49.

50. Defendants admit that, in 2009, Dodge was CMD's primary competitor for national accounts. Except as admitted, Defendants deny the allegations in Paragraph 50.

51. Paragraph 51 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate. To the extent a response is necessary, Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53.     Defendants admit that there are a number of companies that offer construction data.  Defendants deny the remaining allegations in Paragraph 53.

54.     Defendants admit that local and regional subscriptions are more limited in scope and coverage than national subscriptions.  Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations in Paragraph 54 and, on that basis, deny said allegations.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants are without knowledge or information sufficient to enable them to answer the allegations in Paragraph 58 and, on that basis, deny said allegations.  Defendants allege that Dodge is nonetheless bound by its judicial admission that it has a 50% share of a relevant antitrust market and is estopped from claiming otherwise.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants admit that CMD vigorously competed with Dodge, and that CMD and Dodge often competed for the same customers.  Except as admitted, Defendants deny the allegations in Paragraph 60.

61.     Defendants admit that CMD vigorously competed with Dodge, and that CMD and Dodge often competed for the same customers.  Except as admitted, Defendants deny the allegations in Paragraph 61.

62.     Defendants admit that CMD vigorously competed with Dodge, and that CMD and Dodge often competed for the same customers.  Except as admitted, Defendants deny the allegations in Paragraph 62.

63. Defendants deny that their management sanctioned below-cost sales. Defendants allege they are without knowledge or information sufficient to enable them to answer the remaining allegations in the first three sentences of Paragraph 63 and the accompanying chart and, on that basis, deny said allegations. Defendants deny the allegations in the fourth sentence of Paragraph 63. Defendants allege they are without knowledge or information sufficient to enable them to answer whether "Dodge could not have made any of these sales (as well as numerous other sales made by iSqFt/CMD that are not listed) at the price offered by iSqFt/CMD at a profitable level" and, on that basis, deny said allegations. Defendants deny the remaining allegations in the last sentence of Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny that they have engaged in predatory pricing tactics. Defendants allege they are without knowledge or information sufficient to enable them to answer the remaining allegations in Paragraph 65 and, on that basis, deny said allegations.

66. Defendants allege they are without knowledge or information sufficient to enable them to answer the allegations in the first sentence of Paragraph 66 and, on that basis, deny said allegations. Defendants deny the remaining allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in the first and last sentences of Paragraph 68. Defendants admit that they have improved the quality of their services to gain an edge over their rivals, including by increasing the scope of the construction data offered and improving the customer's ability to access information. Defendants admit that they have invested substantial amounts of money in improving the services offered to their customers. Except as admitted, Defendants allege they are without knowledge or information sufficient to enable them to answer

the allegations in the second and third sentences of Paragraph 68 and, on that basis, deny said allegations.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants are informed and believe that Dodge publishes the Sweets catalog, which contains certain construction-related products.  Defendants allege they are without knowledge or information sufficient to enable them to answer the remaining allegations in Paragraph 68 and, on that basis, deny said allegations.

71.     Defendants allege they are without knowledge or information sufficient to enable them to answer the allegations in Paragraph 71 and, on that basis, deny said allegations.

72.     Defendants are informed and believe that Dodge publishes the Sweets catalog. Defendants allege they are without knowledge or information sufficient to enable them to answer the remaining allegations in Paragraph 72 and, on that basis, deny said allegations.

73.     Defendants allege they are without knowledge or information sufficient to enable them to answer the allegations in Paragraph 73 and, on that basis, deny said allegations.

74.     Defendants admit that Plaintiff attached to the Second Amended Complaint certain registration certificates for its purported "Sweet's" trademarks, the contents of which speak for themselves.  The remaining allegations in the first sentence of Paragraph 74 are a statement of Plaintiff's legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny those allegations.  Defendants allege they are without knowledge or information sufficient to enable them to answer the allegations in the second sentence of Paragraph 74 and, on that basis, deny said allegations.  The allegations in the last sentence of Paragraph 74 are a statement of Plaintiff's legal position, to which no response is

necessary or appropriate. To the extent a response is necessary, Defendants deny the allegations in the last sentence of Paragraph 74.

75. Defendants admit that Paragraph 75 contains an image that speaks for itself. Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations in Paragraph 75 and, on that basis, deny said allegations.

76. Defendants admit that Paragraph 76 contains an image that speaks for itself. Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations in Paragraph 76 and, on that basis, deny said allegations.

77. Defendants allege they are without knowledge or information sufficient to enable them to answer the allegations in the first sentence of Paragraph 77 and, on that basis, deny said allegations. The allegations in the second sentence of Paragraph 77 are a statement of Plaintiff's legal position, to which no response is necessary or appropriate. To the extent a response is necessary, Defendants deny those allegations.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants admit that CDC has used an image that consists of a white dollar sign inside of a green circle. Except as admitted, Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants admit that Dodge offers a software application and website service known as "Dodge BidPro." Defendants allege they are without knowledge or information sufficient to enable them to answer the remaining allegations in Paragraph 82 and, on that basis, deny said allegations.

83.     Defendants admit that Dodge advertises "Dodge BidPro" on its website and, on information and belief, that the graphic image pasted into Paragraph 83 reflects such advertising at some point in time.  Except as admitted, Defendants deny the remaining allegations in Paragraph 83.

84.     The allegations in the first and last sentences of Paragraph 84 are a statement of Plaintiff's legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the allegations in the first and last sentences of Paragraph 84.  Defendants admit that Plaintiff attached to the Second Amended Complaint a United States registration certificate for its purported "Dodge BidPro" trademark, the contents of which speak for themselves.  Defendants deny that Dodge has used a "BidPro" mark, standing alone.  Defendants allege they are without knowledge or information sufficient to enable them to answer the allegations in the second sentence of Paragraph 84 and, on that basis, deny said allegations.

85.     Defendants allege they are without knowledge or information sufficient to enable them to answer the allegations in the first sentence of Paragraph 85, and on that basis deny said allegations.  The remaining allegations in Paragraph 85 are a statement of Plaintiff's legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the remaining allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants admit that CDC has offered a product called "Invitation to Bid Pro". Except as admitted, Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.     Defendants admit that a link on CDC's website took the reader to materials relating to the advertised CDC service.  Except as admitted, Defendants deny the allegations in Paragraph 89.

90.     Defendants deny the allegations in the first two sentences of Paragraph 90. Defendants deny that any mark used by Defendants is "offending."  Defendants allege they are without knowledge or information sufficient to enable them to answer the remaining allegations in the third sentence of Paragraph 90 and, on that basis, deny said allegations.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants admit that certain employees of the Company have signed employment agreements containing restrictive covenants, the terms of which speak for themselves.  Except as admitted, Defendants deny the allegations in Paragraph 92.

93.     The allegations in Paragraph 93 are a statement of Plaintiff's legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 93.

94.     Defendants admit that the Company has notified one or more companies seeking to hire its former employees of certain covenants.  Except as admitted, Defendants deny the allegations in Paragraph 94.

95.     Defendants admit that, in or before August 2015, the Company became aware that someone contacted one or more of its employees on Dodge's behalf.  Defendants allege they are without knowledge or information sufficient to enable them to answer the allegations in the second and third sentences of Paragraph 95 and, on that basis, deny said allegations.  Defendants admit that iSqFt's attorneys delivered a letter to Dodge (Exhibit C to the Second Amended

Complaint), the contents of which speak for themselves.  Defendants deny the remaining allegations in Paragraph 95.

96.     Defendants allege they are without knowledge or information sufficient to enable them to answer the allegations in Paragraph 96 and, on that basis, deny said allegations.

## FIRST CLAIM FOR RELIEF

97.     Defendants incorporate by reference their answers to Paragraphs 1 through 96, inclusive, as though fully set forth at this point.

98.     Paragraph 98 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

106.    Defendants deny the allegations in Paragraph 106.

## SECOND CLAIM FOR RELIEF

107.    Defendants incorporate by reference their answers to Paragraphs 1 through 106, inclusive, as though fully set forth at this point.

108. Paragraph 108 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate. To the extent a response is necessary, Defendants deny the allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

113. Defendants deny the allegations in Paragraph 113.

## THIRD CLAIM FOR RELIEF

114. Defendants incorporate by reference their answers to Paragraphs 1 through 113, inclusive, as though fully set forth at this point.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants deny the allegations in Paragraph 119.

## FOURTH CLAIM FOR RELIEF

120. Defendants incorporate by reference their answers to Paragraphs 1 through 119, inclusive, as though fully set forth at this point.

121. Paragraph 121 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate. To the extent a response is necessary, Defendants deny the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123.    Defendants deny the allegations in Paragraph 123.

124.    Defendants deny the allegations in Paragraph 124.

125.    Defendants deny the allegations in Paragraph 125.

126.    Defendants deny the allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127.

## FIFTH CLAIM FOR RELIEF

128.    Defendants incorporate by reference their answers to Paragraphs 1 through 127, inclusive, as though fully set forth at this point.

129.    Defendants deny the allegations in Paragraph 129.

130.    Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants deny the allegations in Paragraph 132.

133.    Defendants deny the allegations in Paragraph 133.

134.    Defendants deny the allegations in Paragraph 134.

## SIXTH CLAIM FOR RELIEF

135.    Defendants incorporate by reference their answers to Paragraphs 1 through 134, inclusive, as though fully set forth at this point.

136.    Defendants deny the allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants deny the allegations in Paragraph 139.

140.    Defendants deny the allegations in Paragraph 140.

**SEVENTH CLAIM FOR RELIEF**

141.     Defendants incorporate by reference their answers to Paragraphs 1 through 140, inclusive, as though fully set forth at this point.

142.     Paragraph 142 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 142.

143.     Paragraph 143 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 143.

144.     Defendants deny the allegations in Paragraph 144.

145.     Defendants deny the allegations in Paragraph 145.

146.     Defendants deny the allegations in Paragraph 146.

147.     Defendants deny the allegations in Paragraph 147.

148.     Defendants deny the allegations in Paragraph 148.

**EIGHTH CLAIM FOR RELIEF**

149.     Defendants incorporate by reference their answers to Paragraphs 1 through 148, inclusive, as though fully set forth at this point.

150.     Paragraph 150 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 150.

151.     Defendants deny the allegations in Paragraph 151.

152.     Defendants deny the allegations in Paragraph 152.

153.     Defendants deny the allegations in Paragraph 153.

154.    Defendants deny the allegations in Paragraph 154.

155.    Defendants deny the allegations in Paragraph 155.

156.    Defendants deny the allegations in Paragraph 156.

## NINTH CLAIM FOR RELIEF

157.    Defendants incorporate by reference their answers to Paragraphs 1 through 156, inclusive, as though fully set forth at this point.

158.    Defendants deny the allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159.

160.    Defendants deny the allegations in Paragraph 160.

161.    Defendants deny the allegations in Paragraph 161.

162.    Defendants deny the allegations in Paragraph 162.

163.    Defendants deny the allegations in Paragraph 163.

## TENTH CLAIM FOR RELIEF

164.    Defendants incorporate by reference their answers to Paragraphs 1 through 163, inclusive, as though fully set forth at this point.

165.    Paragraph 165 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 165.

166.    Paragraph 166 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 166.

167.    Defendants deny the allegations in Paragraph 167.

168.    Defendants deny the allegations in Paragraph 168.

169.     Defendants deny the allegations in Paragraph 169.

170.     Defendants deny the allegations in Paragraph 170.

171.     Defendants deny the allegations in Paragraph 171.

172.     Defendants deny the allegations in Paragraph 172.

## ELEVENTH CLAIM FOR RELIEF

173.     Defendants incorporate by reference their answers to Paragraphs 1 through 172, inclusive, as though fully set forth at this point.

174.     Defendants are informed and believe that Dodge had relationships of a commercial nature with at least some of its customers.  Except as admitted, Defendants deny the allegations in Paragraph 174.

175.     Defendants admit that they generally were aware that Dodge had relationships of a commercial nature with at least some of its customers.  Except as admitted, Defendants deny the allegations in Paragraph 175.

176.     Defendants deny the allegations in Paragraph 176.

177.     Defendants deny the allegations in Paragraph 177.

178.     Defendants deny the allegations in Paragraph 178.

## TWELFTH CLAIM FOR RELIEF

179.     Defendants incorporate by reference their answers to Paragraphs 1 through 178, inclusive, as though fully set forth at this point.

180.     Defendants deny the allegations in Paragraph 180.

181.     Defendants deny the allegations in Paragraph 181.

182.     Defendants deny the allegations in Paragraph 182.

183.     Defendants deny the allegations in Paragraph 183.

184.    Defendants deny the allegations in Paragraph 184.

185.    Defendants deny the allegations in Paragraph 185.

## THIRTEENTH CLAIM FOR RELIEF

186.    Defendants incorporate by reference their answers to Paragraphs 1 through 185, inclusive, as though fully set forth at this point.

187.    Defendants admit that the Company believes its restrictive covenants are valid. Except as admitted, Defendants deny the allegations in Paragraph 187.

188.    The first sentence of Paragraph 188 is a statement of Plaintiff's legal position, to which no response is necessary or appropriate.  To the extent a response is necessary, Defendants deny the allegations in the first sentence of Paragraph 186.  Defendants deny the remaining allegations in Paragraph 188.

189.    Defendants deny the allegations in Paragraph 189.

190.    Defendants deny the allegations in Paragraph 190.

191.    Defendants deny the allegations in Paragraph 191.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Defendants, and without admitting that Plaintiff has suffered any loss, damage, or injury, Defendants allege the following affirmative defenses to the Second Amended Complaint.  Defendants, do not, by alleging affirmative defenses, admit that Dodge does not have the burden of proof for any and all facts underlying any of those defenses.

### FIRST AFFIRMATIVE DEFENSE

1.    The Second Amended Complaint and every claim for relief asserted therein fails to state a claim upon which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

2.      Dodge's claims are barred, in whole or in part, for lack of standing.

## THIRD AFFIRMATIVE DEFENSE

3.      Dodge's claims are barred, in whole or in part, because at all times Defendants acted in good faith.

## FOURTH AFFIRMATIVE DEFENSE

4.      Dodge's claims are barred, in whole or in part, by the doctrine of claim preclusion.

## FIFTH AFFIRMATIVE DEFENSE

5.      Dodge's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

6.      Dodge's claims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Dodge's claims are barred, in whole or in part, because Dodge failed to act reasonably to mitigate its damages.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Dodge's claims are barred, in whole or in part, because any alleged injuries and damages sustained or incurred by Dodge were caused in whole or in part by Dodge's own acts or omissions for which Defendants are not responsible.

## NINTH AFFIRMATIVE DEFENSE

9.      Dodge's claim for equitable relief is barred because Dodge has adequate remedies at law and/or equitable relief is neither necessary or proper.

## TENTH AFFIRMATIVE DEFENSE

10.      Defendants are entitled to setoff and offset against any amounts allegedly owing Dodge by amounts to which Dodge is liable to Defendants.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

11.     Defendants have been lawfully competing with Dodge, and are entitled to meet prices charged by Dodge and other competitors.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

12.     Defendants' business practices were pro-competitive, increased efficiencies, and benefitted customers.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

13.     Dodge's claims are barred, in whole or in part, by the doctrine of in pari delicto.

<u>ADDITIONAL DEFENSES</u>

By designating the aforementioned affirmative defenses, Defendants do not in any way waive or limit any defenses which are or may be raised by their denials, allegations, and averments.  These defenses are without prejudice to Defendants' ability to raise other and further defenses.  Defendants expressly reserve all rights to re-evaluate their defenses and/or assert additional defenses upon the amendment of the underlying claims, upon discovery and review of additional documents and information, and upon the development of other pertinent facts.

**WHEREFORE**, Defendants pray for judgment on the Second Amended Complaint as follows:

1.  That this Court enter judgment in favor of Defendants and against Dodge on the Second Amended Complaint, and that the Second Amended Complaint be dismissed with prejudice;

2.  That Dodge takes nothing by its Second Amended Complaint;

3.  That the Court award Defendants their costs of suit incurred herein, including attorneys' fees; and

4.  That the Court order such other and further relief for Defendants as the Court may

deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on Dodge's claims as to all issues so triable.

Dated:  October 20, 2016

By:  /s/ Thomas M. Connor

Mark C. Bissinger (0012738)
Mark A. VanderLaan (0013297)
Thomas M. Connor (0082462)
DINSMORE & STOHL
255 E. 5th St.
Suite 1900
Cincinnati, OH 45202
Telephone:  (513) 977-8200
Fax:  (513) 977-8141
Email:  mark.bissinger@dinsmore.com
           mark.vanderlaan@dinsmore.com
           thomas.connor@dinsmore.com

Charles E. Elder (admitted pro hac vice)
William K. Briggs (admitted pro hac vice)
Derek Flores (admitted pro hac vice)
IRELL & MANELLA LLP
1800 Ave. of the Stars
Los Angeles CA, 90067
Telephone:  (310) 277-1010
Email:   celder@irell.com

**Counsel for Defendants**
**iSqFt, Inc., Construction Market Data**
**Group, LLC, Construction Data**
**Corporation, LLC, BidClerk, Inc, and**
**iSqFt Sub, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2016, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to the following:

Russell S. Sayre
Aaron M. Herzig
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Telephone:  (513)381-2838
Email: sayre@taftlaw.com
           aherzig@taftlaw.com

Stuart I. Friedman
Paul S. Grossman
Johnathan D. Daugherty
FRIEDMAN & WITTENSTEIN
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 750-8700
Email: sfriedman@friedmanwittenstein.com
           pgrossman@friedmanwittenstein.com
           jdaugherty@friedmanwittenstein.com

Dated:  October 20, 2016

By:  /s/ Thomas M. Connor
       An attorney for Defendants iSqFt, Inc.,
       Construction Market Data Group, LLC,
       Construction Data Corporation, LLC, and
       BidClerk, Inc.