IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DODGE DATA & ANALYTICS LLC,** | : | |
| | : | Case No.: 1:15-cv-00698-TSB |
| Plaintiff, | : | |
| v. | : | |
| | : | Judge Timothy S. Black |
| **iSqFt, INC., et al.,** | : | |
| | : | Magistrate Judge Stephanie K. Bowman |
| Defendants. | : | |

**JOINT MOTION FOR EXTENSION OF DISCOVERY PERIOD**

Plaintiff Dodge Data & Analytics, LLC ("Plaintiff") and Defendants iSqFt Inc.; Construction Market Data Group, LLC; Construction Data Corporation, LLC; Bidclerk, Inc.; and iSqFtSUB, Inc. ("Defendants") respectfully move for an Order extending the discovery period, for the reasons discussed below.

Deposition discovery conducted by Plaintiff in mid-August raised serious questions about the adequacy of Defendants' document collection efforts, which had been conducted by Defendants' prior counsel, Irell & Manella LLP. In response to a request from Plaintiff's counsel, Defendants' current counsel, Squire Patton Boggs (US) LLP, immediately undertook an investigation into the prior document collection efforts. That investigation revealed that the local

hard drives[1] and certain network share drives[2] for custodians identified through the process established by the Order for an Electronically Stored Information Discovery Protocol (the "ESI Order") had not been collected and/or processed for review. The investigation also revealed that certain non-custodial network drives[3] had not been collected and processed. The ESI Order required that "emails and other ESI maintained by the custodians" as well as other "non-custodial data sources" be searched.

Defendants' current counsel has been working very diligently for the last month to investigate the situation and promptly collect, review, and produce responsive and non-privileged data from the above-referenced computer drives. Defendants have estimated that, in total, approximately 200,000 to 230,000 documents needed to be reviewed. Defendants have so far reviewed approximately 100,000 of these documents. Last week, Defendants informed Dodge that they expect to finish their review and supplemental production on or about October 13, 2017. To date, Defendants have produced approximately 10,000 of the reviewed documents (additional

---

[1] A local drive is a disk drive that is physically installed or attached to an individual computer. In most computers, the local drive is known as the "C:" drive. Responsive information from the local drives of Dave Conway, Craig Fuss, Dean Paulson, and Craig Tate was collected in 2015, but never processed and reviewed. The local drives of the remaining individual custodians – Jeff Cryder, Henry Purdy, T.J. Boyle, Derek Dean, Julie Storm, Terah Volpenhein, Derek Guffey, Scott Waterbury, and Phil Hooey – had not been collected, processed, or reviewed at the time of Defendants' current counsel's investigation. (*See* Letter, Stephen M. Fazio to Paul S. Grossman, dated September 6, 2017, attached as Exhibit A ("Fazio Letter")).

[2] A custodial network drive is a drive contained on a server that is specifically designated for an individual user. The custodial network drives for Bill Black, Jeff Cryder, Henry Purdy, T.J. Boyle, Derek Dean, Terah Volpenhein, and Derek Guffey, and Daimon Bridge were not processed during defendants' initial document search. (*See* Fazio Letter).

[3] A non-custodial network drive is a drive contained on a server, but not dedicated to an individual user.

documents are currently being readied for production) and Plaintiff has begun its review of those documents.

The Parties have cooperated throughout this process. Once the magnitude of the issue became apparent, the Parties agreed to temporarily halt further depositions, so that Plaintiff would not need to retake additional depositions once the document production is complete. Once the additional documents are produced, the Parties acknowledge that Plaintiff will need an appropriate amount of time to review those documents before depositions should again commence. It may also be necessary to re-open completed depositions to address newly discovered documents, and Defendants have agreed to cooperate in addressing any such requests if and as needed. In addition, there are several outstanding discovery requests to third parties.

Accordingly, to address this situation, the Parties respectfully and jointly request that the Court vacate the existing Calendar Order and that this matter be set for a telephonic conference in approximately 45 to 60 days, at the Court's convenience. At that point, the document production should be complete, Plaintiff will have had some time to review the supplemental production, and the Parties will have a better understanding of how much time will be necessary to complete discovery and prepare the case for trial. All the Parties agree that this is the best approach to address the current discovery situation.[4]

Counsel for the Parties are available at the Court's convenience if the Court wishes to discuss this matter on a more immediate basis.

A proposed order granting this motion is attached as Exhibit B.

---

[4] After the production is complete and the magnitude of the delay and costs have been assessed, Plaintiff reserves the right to pursue any appropriate relief caused as a result of what Plaintiff maintains is a serious failure on the part of Defendants' prior counsel to comply with the Court's ESI Order. Defendants, for their part, similarly reserve their rights to oppose any such request for relief.

Respectfully Submitted,

| | |
|---|---|
| *s/ Russell S. Sayre* | *s/ Pierre H. Bergeron* |
| Russell S. Sayre (0047125) | Pierre H. Bergeron (0071402) |
| sayre@taftlaw.com | pierre.bergeron@squirepb.com |
| Mark T. Hayden (0066162) | **SQUIRE PATTON BOGGS (US) LLP** |
| mhayden@taftlaw.com | 221 E. Fourth St., Suite 2900 |
| Aaron M. Herzig (0079371) | Cincinnati, OH 45202 |
| aherzig@taftlaw.com | 216.479.8500 (office) |
| **TAFT STETTINIUS & HOLLISTER LLP** | Email: |
| 425 Walnut Street, Suite 1800 | |
| Cincinnati, Ohio 45202-3957 | Damond R. Mace (0017102) |
| Phone: (513) 381-2838 | damond.mace@squirepb.com |
| Fax: (513) 381-0205 | Stephen M. Fazio (0076873) |
| | stephen.fazio@squirepb.com |
| Stuart I. Friedman (admitted pro hac vice) | **SQUIRE PATTON BOGGS (US) LLP** |
| sfriedman&friedmanwittenstein.com | 4900 Key Tower |
| Paul S. Grossman (admitted pro hac vice) | 127 Public Square |
| pgrossman@friedmanwittenstein.com | Cleveland, Ohio 44114 |
| Jonathan Daugherty (admitted pro hac vice) | Telephone: (216) 479 8500 |
| jdaugherty@friedmanwittenstein.com | Facsimile: (216) 479 8780 |
| **FRIEDMAN & WITTENSTEIN** | |
| A Professional Corporation | Attorneys for Defendants |
| 599 Lexington Avenue | |
| New York, New York 10022 | |
| Phone: (212) 750-8700 | |
| | |
| Attorneys for Plaintiff | |

4

## **CERTIFICATE OF SERVICE**

      This is to confirm that a copy of the foregoing was electronically filed on September 28, 2017. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

                                                  *s/ Russell S. Sayre*
                                                  Russell S. Sayre

# Exhibit A



Squire Patton Boggs (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114

O   +1 216 479 8500
F   +1 216 479 8780
squirepattonboggs.com

Stephen M. Fazio
T   +1 216 479 8403
stephen.fazio@squirepb.com

September 6, 2017

**VIA E-MAIL (PGROSSMAN@FRIEDMANWITTENSTEIN.COM)**

Paul S. Grossman, Esq.
Friedman & Wittenstein
599 Lexington Avenue, 12th Floor
New York, NY  10022

**Re:  Dodge v. iSqFt, Inc., et al., Case No. 1:15-CV-00698**

Dear Paul,

      This letter follows up on your August 15, 2017 letter, the Defendants' August 16, 2017 response, the Defendants' August 28, 2017 letter, and your August 28, 2017 response.

      After the issue of electronic document collection efforts were raised at Mr. Fuss's deposition, our firm promptly reviewed the prior document collection efforts in detail, including but not limited to numerous discussions with various client representatives, prior counsel, discovery vendors, and additional custodian interviews.  As a result of this review, we determined that, contrary to our prior understanding, information from local hard drives of certain custodians previously identified by Dodge had not been collected and processed.

      Potentially responsive information from the local drives of Messrs. Conway, Fuss, Paulson, and Tate was collected in 2015, after the litigation was filed.  That information was not processed in fall of 2016, but has now been processed and is under review.  In addition, potentially responsive information from the local drives of Jeff Cryder, Henry Purdy, Craig Tate, T.J. Boyle, Derek Dean, Julie Storm, Terah Volpenhein, Derek Guffey, Scot Waterbury, and Phil Hooey were also collected and processed over the past two weeks.[1]  We have also collected and processed custodial network drives for Bill Black, Jeff Cryder, Henry Purdy, T.J. Boyle, Derek Dean, Terah Volpenhein, Derek Guffey, and Daimon Bridge.

      All of the information described above has now been processed and is under review.  In addition to this data, our review identified certain non-custodial electronic drives that we also identified for review. We have collected all of this information and provided it to our e-discovery vendor ("FTI") for processing.

      To date, roughly 100,000 documents have hit on the agreed-to keyword searches. We anticipate that a similar number of documents will hit from the data that is still being processed, although some amount of this will likely be duplicative of documents previously produced.  As of today, FTI advises that it anticipates completing the processing of remaining data by the end of this week.

---

      [1] The Defendants do not have images of hard drives for Messrs. Bridge and Black.  Mr. Bridge departed the company prior to Dodge's filing of the lawsuit, while Mr. Black departed on December 31, 2015.

Squire Patton Boggs (US) LLP

      Over the past two weeks, we have been diligently reviewing documents as they have become available from FTI. We have already reviewed nearly 39,000 documents and anticipate producing approximately 10,000 documents next week. Based on this initial review effort, we believe that many of the documents are substantively duplicative of previously produced documents and/or largely immaterial to the present scope of the dispute. Nevertheless, the Defendants are working to produce responsive, non-privileged documents from this data as quickly as possible.

      To this end, we believe that utilizing predictive coding to identify and produce documents is in the best interest of both Parties. Indeed, the use of predictive coding will significantly streamline and speed up the production process and we believe that it will be as accurate as using human reviewers. We therefore request a meet-and-confer this week, pursuant to § 3.b. of the ESI Order.

      To facilitate our meet-and-confer, we anticipate our review of these documents will operate in the following fashion. *First*, FTI will implement its predictive coding technology to identify documents that are likely to be responsive. Specifically, FTI will analyze the coding of previously reviewed documents and apply that analysis to determine which of the un-reviewed documents are likely to be coded responsive. *Second*, to further ensure that we capture documents that are likely to be responsive, FTI will analyze how documents that include specific keyword searches were tagged. Once FTI determines the keyword searches that were most likely to yield responsive documents, it will ensure that the un-reviewed documents that contain those keywords are considered likely to be responsive (*i.e.*, if 90% of the documents that hit on keyword X were marked responsive in previous reviews, documents in the current set that hit on keyword X are considered likely to be responsive). *Third*, we will utilize quality-control checks to review the documents identified as likely to be responsive for privilege. We will then produce the non-privileged documents identified as likely to be responsive, subject to the claw-back provisions and other relevant provisions of the ESI Order.

      We believe this three-step process will ensure that the Plaintiff receives the additional documents in a timely fashion. Assuming that the remaining data is processed by the end of this week, and that you agree with the proposed predictive coding, we currently anticipate that we would be able to produce responsive, non-privileged documents from this data during the week of September 18, 2017.

      We are aware of the scheduling challenges that should be considered with the production of this data. We believe that using predictive coding as described above is the best way to expedite the production of potentially relevant information. In any case, as we have to date, Defendants will cooperate with Plaintiffs and discuss the best ways to address any scheduling issues, including seeking a further extension of the discovery and expert schedule with the Court if necessary.

      I am hopeful that we will be able to continue to work cooperatively in discovery to bring this case to resolution on its merits. Please let me know when you are available to meet and confer on the predictive coding issue raised above. I can be available any time tomorrow or Friday to discuss this with you.

      Very truly yours,

      Squire Patton Boggs (US) LLP

      Stephen M. Fazio

cc:    Andrew Wittenstein, Esq. (awittenstein@friedmanwittenstein.com)

Squire Patton Boggs (US) LLP

Stuart Friedman, Esq. (SFriedman@friedmanwittenstein.com)
Jonathon Daugherty, Esq. (jdaugherty@friedmanwittenstein.com)
Russell Sayre, Esq. (sayre@taftlaw.com)
Aaron Herzig, Esq. (aherzig@taftlaw.com)

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DODGE DATA & ANALYTICS LLC,** | : | |
| | : | Case No.: 1:15-cv-00698-TSB |
| Plaintiff, | : | |
| v. | : | |
| | : | Judge Timothy S. Black |
| **iSqFt, INC., et al.,** | : | |
| | : | Magistrate Judge Stephanie K. Bowman |
| Defendants. | : | |

___

**[PROPOSED] ORDER GRANTING JOINT MOTION FOR EXTENSION OF DISCOVERY PERIOD**
___

For good cause shown, the parties' Joint Motion for Extension of the Discovery Period (Doc. 71) is GRANTED. Accordingly, it is hereby ORDERED as follows:

1. The Amended Calendar Order (Doc. 70) is VACATED; and

2. A telephone conference is set for the _____ day of _____, 2017 at _____ to discuss the status of this case.

IT IS SO ORDERED.


Dated this _____ day of _____, 2017.


_____
TIMOTHY S. BLACK
UNITED STATES DISTRICT JUDGE